# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

UNITED STATES OF AMERICA                                         PLAINTIFF

vs.                           NO. 4:15CR00134-001 SWW

MICHAEL JOSEPH GRAY                                              DEFENDANT

## ORDER

The above entitled cause came on for hearing on government's petition to revoke the supervised release [doc #24] previously granted this defendant in the United States District Court for the Eastern District of Arkansas. Based upon the witness testimony and the statements of counsel, the Court found that defendant has violated the conditions of his supervised release without just cause.

IT IS THEREFORE ORDERED AND ADJUDGED that the supervised release previously granted this defendant, be, and it is hereby, **revoked**.

IT IS FURTHER ORDERED that defendant shall serve a term of imprisonment of *TWENTY-FOUR (24) MONTHS* in the custody of the Bureau of Prisons. The Court recommends that defendant be incarcerated at Marion, Illinois or in a facility where he can participate in sexual offender treatment programs.

There will be a term of supervised release of *LIFE* following the term of incarceration with the following special conditions:

1. All general and standard conditions previously imposed remain in full force and effect.

2. Defendant must participate in sex offender treatment under the guidance and supervision of the probation office and follow the rules and regulations of that program, including submitting to periodic polygraph testing to aid in the treatment and supervision process. Defendant must pay for the cost of treatment, including polygraph sessions, at the rate of $10 per session, with the total cost not to exceed $40 per month, based on ability to pay as determined by the probation office. If the Probation Office determines that Defendant is financially unable to pay for the cost of treatment, the co-pay requirement will be waived.

3. Defendant must not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256) including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256), or any other material that would compromise your sex offense-specific treatment.

4. Defendant must not possess and/or use computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media unless granted permission to do so by the U.S. Probation Office.

5. Defendant must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) he uses.

6. To ensure compliance with the computer monitoring condition, Defendant must allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches will be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. Defendant must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

7. Defendant must submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. Defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition.

8. The probation office will provide state officials with all information required under any sexual predator and sexual offender notification and registration statutes and may direct the defendant to report to these agencies personally for required additional processing, such as an interview and assessment, photographing, fingerprinting, polygraph testing, and DNA collection.

9. Defendant must not participate in online gaming. Defendant must not utilize or maintain any memberships or accounts of any social networking website or websites that allow minor children membership, a profile, an account, or webpage without prior approval of the probation office. This includes websites that explicitly prohibit access or use by sex offenders.

10. Defendant must not have direct contact with any child you know or reasonably should know to be under the age of 18, without the permission of the probation officer. If Defendant does have any direct contact with any child he knows or reasonably should know to be under the age of 18, without the permission of the probation officer, he must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

11. Defendant must not go to, or remain at, any place where he knows children under the age of 18 are likely to be, including parks, schools, playgrounds, theaters, and childcare facilities.

12. Defendant must pay to the U.S. District Clerk a fine in the amount of $8,973. The fine will be payable immediately to the U.S. District Clerk, and any unpaid balance will be payable during incarceration and supervised release. During incarceration, Defendant must pay 50 percent per month of all funds that are available to him. During residential re-entry placement, payments will be 10 percent of his gross monthly income. Beginning the first month of supervised release, payments will be 10 percent per month of his monthly gross income. Interest is waived.

13. Defendant must participate in a mental health treatment program under the guidance and supervision of the probation office. He must pay for the cost of treatment at the rate of $10 per session, with the total cost not to exceed $40 per month, based on ability to pay as determined by the probation office. If the Probation Office determines that he is financially unable to pay for the cost of treatment, the co-pay requirement will be waived.

14. Defendant must participate in a substance abuse treatment program under the guidance and supervision of the probation office. The program may include drug and alcohol testing, outpatient counseling, and residential treatment. Defendant must abstain from the use of alcohol during supervision. Defendant will pay for the cost of treatment at the rate of $10 per session, with the total cost not to exceed $40 per month, based on ability to pay as determined by the probation office. In the event the defendant is financially unable to pay for cost of treatment, the co-pay requirement will be waived.

The defendant is remanded to the custody of the United States Marshal Service.

IT IS SO ORDERED this 5th day of June 2018.

/s/Susan Webber Wright
United States District Judge